**CARTUSCIELLO & KOZACHEK, LLC**
By: James A. Kozachek, Esquire (JAK-5657)
101 Farnsworth Avenue, Bordentown, NJ 08505
Tel (609) 324-8200, Fax (609)-324-8201
Email: JKozachek@CKlawllc.com
*Attorneys for Judgment Creditor Fabio Barbieri*

------------------------------ x

IN THE MATTER OF:

Christopher H. Ruggles a/k/a Christopher Ruggles, a/k/a Chris Ruggles, f/d/b/a Crestview Custom Builders, a/k/a Christopher Ruggles, Sr. Melanie M. Ruggles a/k/a Melanie Ruggles, d/b/a The Cracked Egg Cafe

DEBTORS,

------------------------------ x

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

**CHAPTER 13 CASE NO. 23-15741 JNP**

**NOTICE OF OBJECTION**

I, James A. Kozachek, am the attorney for Fabio Barbieri ("Judgment Creditor") in both the underlying state court litigation, <u>Fabio Barbieri v. Chris Ruggles, Crestview Custom Builders, LLC,</u> CPM-L-0090-23, that ended with a Final Judgment by Default against debtors Chris Ruggles a/k/a Crestview Custom Builders Default in the amount of $73,699.82 for the return of payments fraudulently obtained by these Debtors.

2. The underlying state court action was brought by means of a Complaint and Jury Demand filed on March 6, 2023 alleging, among other things, the Debtors committed fraud and consumer fraud.

4. A Final Judgment by Default in that underlying state court action was obtained against Debtors on July 6, 2023.

5. Debtors were notified repeatedly of Judgment Creditor's claims and ultimately of the entry of the Final Judgment by Default against them, but they ignored it presumably because of their knowledge of their intention to declare bankruptcy.

6. The fraud and consumer fraud claims were not opposed by Debtors, nor could they be opposed because Debtors demanded that money from Judgment Creditor and affirmatively stated that it was being used to confirm the order of a modular home and the money was needed to

7. Debtor affirmatively stated in an e-mail to Judgment Creditor dated May 4, 2022 that he had given all necessary funds to Excel Homes for Judgement Creditor's modular home.

8. By e-mail dated August 31, 2022, Andrew Strocko, the General Manager for the modular home designer and manufacturer confirmed that no money was ever received from Debtors for Judgment Creditor's home confirming the Debtor's fraud.

9. The debt to Judgment Creditor cannot be discharged because of the fraud exception under § 523(a)(2)(A) as the complaint alleged fraud, the fraud is confirmed by written communications and the Final Judgment by Default was entered confirming Judgment Creditor's claims which Debtors never opposed despite ample notice.

10. Debtors' plan states that Judgment Creditor's claim is dischargeable in bankruptcy. This is not true because of the fraud exception which was confirmed on multiple levels (e.g. a complaint that was never challenged, e-mail communications that confirm the fraud and a Final Judgment by Default that confirms Debtor's liability and obligation to pay).

Dated: September 11, 2023

*/s/ James A. Kozachek*